UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

JASON A. JACKSON,

    Defendant.

_____/

No. CR 04-0345 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

Defendant Jason A. Jackson, represented by attorney Edward Swanson, moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the Sentencing Commission's 2007 amendment to U.S.S.G. § 2D1.1 which lowered the base offense levels applicable to cocaine base offenses. Jackson filed a pro se petition on July 10, 2008, which his counsel supplemented with an opening memorandum of points and authorities on February 4, 2009. The government filed its opposition on February 19, 2009, and Jackson filed a reply on February 27, 2009. Having considered the parties' arguments and the relevant legal authorities, the court DENIES the motion.

## BACKGROUND

On October 19, 2004, Jackson was indicted on one count of possession with intent to distribute a mixture or substance containing cocaine base under 21 U.S.C. § 841(a)(1). On November 2, 2005, Jackson subsequently entered an open guilty plea to the charge. On April 19, 2006, the court sentenced Jackson to 144 months imprisonment.

Based on the amount of crack cocaine at issue, Jackson's offense level under the

advisory Sentencing Guidelines was 32, which was reduced to level 29 for acceptance of responsibility. Presentence Report ("PSR") ¶ 25. His criminal history category was IV, resulting in a guidelines range of 121-151 months. *Id.* The PSR, however, also found that Jackson was a career offender under § 4B1.1 of the guidelines, which resulted in an offense level of 37, reduced to 34 for acceptance of responsibility, a criminal history category of VI, and a guideline range of 262-327 months. *Id.* at ¶¶ 28, 38.

While concluding that Jackson was a career offender, the court sentenced Jackson outside of the guideline range. The court elaborated:

> Career offender enhancement status, while technically met by this case, was unwarranted because the two predicate felonies upon which it was based involved, as does this offense, low level street dealing of crack cocaine. Criminal history category VI resulting from application of the career offender enhancement seriously over-represents the seriousness of the defendant's criminal history. Additionally, the government requests a derivation from the guidelines because there is a serious question whether one of the predicate felonies even qualifies and because under previous versions of the guidelines, the two felonies would have been counted as one transaction. Additionally, the court accorded weight to the disparity between punishment for powder vs. crack cocaine, and the history and characteristics of this defendant who had no parental guidance, difficulties at school because of learning disabilities, was introduced to drugs and drug dealing at an early age by adults including his father, but who nonetheless has community support, some work history and marketable skills, and no history of violence or violent crimes. Since his incarceration he has participated in every program available to rehabilitate himself.

Statement of Reasons. The court then imposed a sentence of 144 months, in the middle of the 121-151 guideline range that would have applied to Jackson absent the career offender enhancement.

Subsequently, on November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the base offense level applicable to crack cocaine offenses. *See* U.S.S.G. Supp. To App'x C, Amend. 706 (Nov. 1, 2007). In general, the effect of Amendment 706 is to decrease by two levels the base offense level for crack cocaine offenses. *See* U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G. § 2D1.1 (Nov. 1, 2007). On March 3, 2008, Amendment 706 took effect, and is now listed in § 1B.10(c). *See* 73 Fed.Reg. 217-01 (Jan. 2, 2008). The Sentencing Commission has also given Amendment 706 retroactive effect. *See id.*

## DISCUSSION

### A.     Legal Standards

The court may not modify a term of imprisonment that has already been imposed except

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996).  If a court finds that a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission, the court then may exercise its discretion to reduce the term of defendant's imprisonment. *Townsend*, 98 F.3d at 512-13.

### B.     Jackson's Motion

The parties have devoted most of their arguments to whether Jackson is *eligible* for a reduction under the 2007 amendment.  The dispute centers around the fact that this court found that Jackson technically qualified as a career offender, but nevertheless went on to sentence Jackson outside of the guideline range.  The reason for the dispute is obvious. Although the Ninth Circuit has not spoken on the issue, every court to have considered it, including the United States Courts of Appeals for the First, Eighth, Tenth and Eleventh Circuits, has concluded that the amendment offers no benefit to crack offenders who were sentenced under the career offender guideline.  *See United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008); *United States v. Torres*, 541 F.3d 48 (1st Cir. 2008); *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008); *see also United States v. Lee*, 2008 WL 2357243 at *2 (N.D. Cal. 2008) (noting that "[a]mendment 706 . . . amended only the offense level under § 2D 1. 1, [and] therefore does not speak to the sentencing range to which defendant was exposed under § 4B 1. 1,

3

and every court that has considered this issue has held that those sentenced as career offenders - even where the underlying crime involved crack cocaine - cannot move for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706").

Jackson, however, distinguishes the above cases and argues that he was not actually sentenced *under* the career offender guideline, and therefore, remains eligible for a reduction. The government contends that Jackson was indeed sentenced under the career offender guideline - but with a significant variance, and is therefore ineligible for a reduction. There is authority in support of both positions, although none from the Ninth Circuit. However, the court need not resolve the issue regarding Jackson's eligibility for a reduction because *even if it were to presume that Jackson was eligible for such a reduction*, under the circumstances of the case, the court declines to exercise its discretion to reduce Jackson's sentence any further.

Section 3582(c)(2) requires the court to consider the § 3553(a) sentencing factors and the Sentencing Commission's applicable policy statements in deciding whether to exercise its discretion to reduce Jackson's sentence.   In originally sentencing Jackson, the court considered the § 3553(a) factors, including "the nature and circumstances of the offense and the history and the characteristics of the defendant," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  The court's evaluation of the § 3553(a) factors remains unchanged by the existence of the 2007 amendment.

Jackson erroneously assumes that *even* if the 2007 amendment had been in place at the time of his sentencing, this court would nevertheless have declined to *consider* the guideline range for a sentence based upon a career offender enhancement, and would simply have sentenced him to 100-125 months in accordance with U.S.S.G. § 2D1.1.  This, however, was not the case in April 2006, and is not the case now.  One of the reasons that the court imposed the sentence that it did at the time was *because* no such amendment was in effect.  The court expressly noted that it had "accorded weight to the disparity between punishment for powder vs. crack cocaine."  The 2007 amendment subsequently

4

recognized the court's very concern. The existence of the amendment, however, does not entitle Jackson to essentially benefit twice from the same sentencing consideration. The court is unpersuaded by Jackson's arguments otherwise, and declines to exercise its discretion to modify Jackson's sentence under § 3582.

For the above reasons, Jackson's motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 6, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge