UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JASON A. JACKSON,

    Defendant.

_____/

No. CR 04-0345 PJH

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR REDUCTION OF SENTENCE**

    Defendant Jason A. Jackson, represented by attorney Edward Swanson, moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the Sentencing Commission's Amendment 748, effective November 2011, which lowered the applicable base offense level. Jackson filed the instant motion on September 9, 2012. The government filed its opposition on October 8, 2012, and Jackson filed a reply on October 16, 2012. Having considered the parties' papers and the relevant legal authorities, the court DENIES the motion.

**BACKGROUND**

    On October 19, 2004, Jackson was indicted on one count of possession with intent to distribute a mixture or substance containing cocaine base under 21 U.S.C. § 841(a)(1). On November 2, 2005, Jackson subsequently entered an open guilty plea to the charge. On April 19, 2006, the court sentenced Jackson to 144 months imprisonment for possession with intent to distribute 96 grams of cocaine base.

    Based on the amount of crack cocaine at issue, Jackson's offense level under the advisory Sentencing Guidelines was 32, which was reduced to level 29 for acceptance of responsibility. Presentence Report ("PSR") ¶ 25. The parties agreed that Jackson's

criminal history category was IV, resulting in a guidelines range of 121-151 months. Trans. (April 19, 2006) at 13-14. Jackson was found to be a career offender under § 4B1.1 of the guidelines, which resulted in an offense level of 37, reduced to 34 for acceptance of responsibility, a criminal history category of VI, and a guideline range of 262-327 months. PSR at ¶¶ 28, 38.

While concluding that Jackson was a career offender, the court sentenced Jackson outside of the guideline range. The court elaborated:

> Career offender enhancement status, while technically met by this case, was unwarranted because the two predicate felonies upon which it was based involved, as does this offense, low level street dealing of crack cocaine. Criminal history category VI resulting from application of the career offender enhancement seriously over-represents the seriousness of the defendant's criminal history. Additionally, the government requests a deviation from the guidelines because there is a serious question whether one of the predicate felonies even qualifies and because under previous versions of the guidelines, the two felonies would have been counted as one transaction. Additionally, the court accorded weight to the disparity between punishment for powder vs. crack cocaine, and the history and characteristics of this defendant who had no parental guidance, difficulties at school because of learning disabilities, was introduced to drugs and drug dealing at an early age by adults including his father, but who nonetheless has community support, some work history and marketable skills, and no history of violence or violent crimes. Since his incarceration he has participated in every program available to rehabilitate himself.

Statement of Reasons. The court then imposed a sentence of 144 months, within the 121-151 month guideline range that would have applied to Jackson absent the career offender enhancement.

Subsequently, the United States Sentencing Commission issued Amendment 706, which modified the base offense level applicable to crack cocaine offenses. *See* USSG App. C, Amend. 706 (effective Nov. 1, 2007). Relying on Amendment 706, Jackson moved to reduce his sentence to the mandatory minimum of 120 months. By order entered April 6, 2009, the court denied the motion for sentence reduction on the ground that it had expressly noted at the time of sentencing that it had "accorded weight to the disparity between punishment for powder vs. crack cocaine," and that the court's evaluation of the § 3553(a) factors, including "the nature and circumstances of the offense and the history

2

and the characteristics of the defendant," remained unchanged by Amendment 706. Doc. no. 85.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, which reduced the statutory penalties for crack cocaine offenses and authorized the Sentencing Commission to promulgate the guidelines, policy statements, or amendments provided for in the FSA. Accordingly, the Sentencing Commission promulgated Amendment 748, effective November 1, 2010, which reduced the base offense levels for crack cocaine offenses by revising the weight of drugs associated with each offense level. USSG App. C, Amend. 748 (Reason for Amendment). The Sentencing Commission subsequently promulgated Amendment 750, effective November 1, 2011, making the Amendment 748 changes permanent; and Amendment 759, making the Amendment 750 changes retroactive and modifying USSG § 1B1.10 to include the relevant portions of Amendment 750 in the list of amendments that may be considered for a retroactive sentence reduction. *See* USSG App. C, Amend. 750 and Amend. 759 (Reason for Amendment).

Jackson again moves for a sentence reduction, citing Amendment 748 which reduced the applicable guidelines for crack cocaine offenses. Jackson contends that under the amended guidelines for crack cocaine offenses, his sentence should be reduced to the advisory guidelines range of 70-87 months for an adjusted offense level of 23.

**LEGAL STANDARD**

The court may not modify a term of imprisonment that has already been imposed except

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant Sentencing Commission policy statement provides as follows:

> (a) Authority.--
>
> (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(1) and (2). As the Supreme Court held in *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010), "Section 3582(c)(2) instructs a district court to 'conside[r] the factors set forth in section 3553(a) to the extent that they are applicable,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' – namely, § 1B1.10."

"Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is '*based on*' a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, – F.3d —, 2013 WL 11892, *2 (9th Cir. Jan. 2, 2013) (quoting *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009)) (citation and internal quotations omitted), *petition for reh'g en banc filed* Jan. 30, 2013.

## DISCUSSION

Jackson contends that he is eligible for sentence reduction under the reduced sentencing guidelines for crack cocaine offenses. He concedes that the career offender

guidelines have not been amended, but argues that although he qualified for career offender status, he was not sentenced as a career offender and is therefore eligible for a sentence reduction.

Jackson argues that he was sentenced "based on" the crack cocaine guidelines[1] and is thus eligible for sentence reduction under *Freeman v. United States*, 131 S. Ct. 2685 (2011). In an opinion issued after the briefs on the present motion were fully submitted, the Ninth Circuit considered a similar argument in *Pleasant,* and summarized the holding of *Freeman* as follows:

> . . . In *Freeman*, the Supreme Court addressed whether a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement ("a (C) plea" or "a (C) agreement") is eligible for a sentence reduction under § 3582(c)(2). 131 S.Ct. at 2685. The critical question was whether, assuming there was a relevant Guidelines amendment, such a defendant was sentenced "based on" that amendment. A four-justice plurality found that a court may "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used to determine the sentence or to approve the agreement." *Id.* at 2692-93.
>
> Justice Sotomayor wrote separately and agreed with the plurality, but did so on narrower grounds that make her concurrence controlling. *See United States v. Austin,* 676 F.3d 924, 927 (9th Cir. 2012). Specifically, Justice Sotomayor held that a sentence imposed under a (C) plea is "based on" an amended guideline if: (1) the agreement "*expressly uses* a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment"; and (2) that sentencing range was subsequently amended. *Freeman*, 131 S.Ct. at 2695 (Sotomayor, J., concurring in the judgment) (emphasis added).

*Pleasant*, 2013 WL 11892 at *2. In *Pleasant*, the defendant pled guilty to possession with intent to distribute crack cocaine, and the district court granted a variance from the Career Offender guidelines and sentenced him to 77 months imprisonment. The defendant's plea agreement stipulated that "Pleasant should be sentenced under the crack-cocaine guidelines, but it also acknowledged that his status as a Career Offender exposed Pleasant to a sentence as high as 235 months." *Id.* at *1. Following amendment to the sentencing

---

[1] The court notes that the district court authorities cited by Jackson in his moving papers have since been reversed. *See United States v. Malone*, 2012 WL 762000 (N.D. Cal. Mar. 7, 2012), *rev'd,* 2012 WL 6760000 (9th Cir. Dec. 19, 2012); *United States v. Ware*, 840 F. Supp. 2d 850 (E.D. Pa. 2012), *rev'd*, 694 F.3d 527 (3rd Cir. 2012).

5

guidelines for crack cocaine offenses, Pleasant filed a motion for sentence reduction pursuant to § 3582(c) which the district court granted, reducing the sentence to 60 months. *See United States v. Pleasant*, Case No. CR 08-771 MHP (N.D. Cal., order filed March 27, 2012). The government appealed from the order granting the motion for sentence reduction, which the Ninth Circuit reversed and remanded with instructions to reinstate the original sentence. *Pleasant*, 2013 WL 11892 at *5.

Applying the two-prong test for sentence reduction eligibility, the court in *Pleasant* held that the defendant's sentence was "based on" the crack cocaine guidelines because the plea agreement expressly used § 2D1.1(c) to set the stipulated sentence. Because that guideline was "subsequently amended," the court of appeals held that Pleasant satisfied the first prong of § 3582(c)(2). 2013 WL 11892 at *2 (citing *Freeman*, 131 S. Ct. at 2697).

The issue presented to the court in *Pleasant*, however, was the dispute whether the second prong was satisfied, i.e., whether the sentence reduction would be consistent with the policy statement set forth in § 1B1.10(a)(1), which permits sentence reduction "only if 'the guideline range *applicable to* that defendant has subsequently been lowered as a result of an amendment to the Guidelines.'" 2013 WL 11892 at *3. The court noted that this issue was not presented in *Freeman*. *Pleasant*, 2013 WL 11892 at *4 (citing *Ware*, 694 F.3d at 534). As the court recognized in *Pleasant*, "[t]he central dispute in this appeal is the meaning of 'applicable to' and 'applicable guidelines' under § 1B1.10(a)(1)." *Id.* at 3. The government argued in *Pleasant*, as here, that the applicable guidelines were the Career Offender guidelines because Pleasant qualified as a Career Offender, even though he was not sentenced under those guidelines. Pleasant argued, on the other hand, that, under *Freeman*, the applicable guideline was § 2D1.1(c) for crack cocaine because the plea agreement called for sentencing to be imposed under that provision.

To decide the issue, the *Pleasant* court turned to the commentary to § 1B1.10, which was modified by Amendment 759 to clarify that the applicable guideline range is determined before consideration of any departure or variance:

6

> Specifically, Application Note 1(A) clarifies that § 3582(c)(2) "is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*)." U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011) (emphasis added). This language was added to resolve a circuit split that had arisen over whether a defendant's "applicable guideline range" should be derived before or after the application of a departure or variance. U.S.S.G. app. C, amend. 759. In short, Amendment 759 makes clear that the applicable guideline is derived pre-departure and pre-variance.
>
> Under Amendment 759, Pleasant's applicable guideline range is the Career Offender range. The parties agree that Pleasant qualifies as a Career Offender, and his plea agreement outlined the stipulated ramifications of his Career Offender status. Pleasant was only able to avoid the Career Offender guidelines because the district court granted a downward variance. Accordingly, Pleasant's pre-variance guideline range, i.e., his "applicable guideline range," is the Career Offender guideline.
>
> Section 6B1.2, which outlines the "Standards for Acceptance of Plea Agreements," confirms that a defendant's applicable range is distinct from the range agreed to in a plea agreement. Specifically, § 6B1.2 allows a court to accept a (C) agreement if "the *agreed sentence* is outside the *applicable guideline range* for justifiable reasons." (emphases added). This provision expressly distinguishes between the "applicable guideline range" and the "agreed sentence." Stated in terms of Pleasant's plea, the applicable guideline range was the Career Offender range, but the agreed sentence was determined under the crack-cocaine range.

2013 WL 11892 at *3 (footnote omitted). The *Pleasant* court concluded, "In sum, § 1B1.10 mandates that the Career Offender guidelines were Pleasant's 'applicable guidelines'; thus, the district court did not have jurisdiction either to hear Pleasant's § 3582(c) motion or to act sua sponte." *Id*. at *4.

Here, as in *Pleasant*, it is undisputed that Jackson qualified as a Career Offender. Further, the court determined at the time of sentencing that Jackson had a total offense level of 34 based on a criminal history category of VI, before departures. As in *Pleasant*, Jackson "was only able to avoid the Career Offender guidelines because the district court granted a downward variance." 2013 WL 11892 at *3. Under this Ninth Circuit authority, Jackson's applicable, pre-variance guideline range is the Career Offender guideline range,

7

which was not amended.  Jackson is therefore not eligible for a sentence reduction pursuant to § 3582(c).

## CONCLUSION

For the reasons set forth above, Jackson's motion for sentence reduction is DENIED.

**IT IS SO ORDERED.**

Dated:  February 4, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge